# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) | |
| Plaintiff, ) | Civil Action No.: _____ |
| ) | |
| v. ) | |
| ) | |
| CYMBAL PROPERTIES, LLC; ) | |
| SVN KAHN PROPERTIES, INC.; ) | |
| LISENBY PROPERTIES, LLC, ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff/Petitioner Auto-Owners Insurance Company states the following as its Petition for Declaratory Judgment against Defendants Cymbal Properties, LLC, SVN Kahn Properties, Inc., and Lisenby Properties, LLC:

## I. PARTIES

1. Auto-Owners Insurance Company is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan.

2. Cymbal Properties, LLC is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Montgomery County, Alabama.

3. Cymbal Properties, LLC's sole member is Fair Sky Properties LLC, which is also a limited liability company organized and existing under the laws of

the State of Alabama. Fair Sky Properties LLC's members consist of Shirley Triplett and Marvin Triplett who are citizens of the State of Alabama.

4. SVN Kahn Properties, Inc. is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in Birmingham, Alabama.

5. Lisenby Properties LLC is a limited liability company organized and existing under the laws of the State of Wisconsin with its principal place of business in Spooner, Wisconsin. Lisenby Properties' members consistent of Mark and Lynda Lisenby who are citizens of the State of Wisconsin.

## II.  JURISDICTION AND VENUE

6. This action is brought pursuant to 28 U.S.C. § 2201 for a declaration of rights and obligations of Auto-Owners under the Tailored Protection Insurance Policy, policy no. 042317-38788700-20, issued to Cymbal Properties, LLC for the policy period February 3, 2020 to February 3, 2021 ("the Policy").

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the Auto-Owners' citizenship is different from the citizenship of the Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as shown below.

8. Venue is proper under 28 U.S.C. § 1391(b), because the Underlying Action is pending within the Southern District of Alabama. Therefore, a substantial

part of the events giving rise to this dispute occurred within the Southern District of Alabama.

### III.  STATEMENT OF FACTS

**A.     Underlying Action**

9. On October 26, 2020, Lisenby Properties, LLC filed a Complaint against Cymbal Properties, LLC, SVN Kahn Properties, and others in the lawsuit styled *Lisenby Properties, LLC v. Cymbal Properties, LLC, et al.*, in the Circuit Court of Clarke County, Alabama, Civil Action No. CV-2020-900104 (hereinafter "the Underlying Action"). A copy of the Complaint in the Underlying Action is attached as Exhibit A.

10. The Underlying Action arises out of a dispute following the sale of an apartment complex known as Cedar Pointe Apartments and located in Thomasville, Alabama.

11. Lisenby Properties purchased Cedar Pointe Apartments from Cymbal Properties, and now alleges Cymbal Properties and SVN Kahn Properties failed to disclose deficiencies in the building and misrepresented financial information regarding the property.

12. More specifically, the Underlying Action alleges the following:

> 13. That on or about April 16, 2020 Plaintiff, Lisenby Properties, LLC purchased Cedar Pointe Apartments located at 429 Wilson Avenue East, Thomasville, Alabama 36784 from Defendant, Cymbal Properties,

LLC., through an agent employed by SVN Kahn Properties. The apartment complex was purchased by the Plaintiff for the purpose of producing income. The defendant, Cymbal, knowingly suppressed and concealed information from the plaintiff about the defective condition and structural defects of the apartments at the time of the sale. The defendants signed affidavits which were false and which were relied upon by the Plaintiff. The defendants provided false financial information regarding the property prior to and/or at closing. Plaintiff reasonably relied upon defendant's knowledge and condition of the apartment complex and innocently acted upon it and was induced to purchase the subject apartment complex for an amount that far exceeded its value.

14. On or about July 9, 2019, and prior to the closing, the plaintiff hired defendant Gordon Davis to inspect the apartment complex and to make sure that it was in a good and satisfactory condition. Mr. Davis and/or his company negligently, wantonly and fraudulently inspected the subject apartment. Mr. Davis negligently, wantonly and fraudulently reported to the plaintiff that the apartment was in good and satisfactory condition. Plaintiff reasonably relied upon Defendant's report and innocently acted upon it by purchasing said apartments for an amount that far exceeded its value.

15. Defendant, SVN Kahn Properties, LLC, negligently, wantonly and fraudulently facilitated and transacted the sale of the apartment complex to the plaintiff. SVN failed to inform the plaintiff of the structural and defective condition of the apartment complex. SVN failed to inform the plaintiff that the contracted sale price far exceeded the actual value of the apartment complex. Plaintiff reasonably relied upon Defendant's knowledge of the apartments and innocently acted upon it by purchasing the apartment complex.

16. The plaintiff's apartment complex is not free from defects, was not fit for its ordinary and particular use, is

> not in a satisfactory condition. The defects in the subject apartment complex make the building unsafe and are building code and zoning code violations. Plaintiff reasonably believed the defendants' representations and reasonably relied on them and innocently acted upon them and suffered damages by purchasing said Apartments. After purchasing said apartment complex, the plaintiff discovered structural defects, which were covered up by the defendants, including but not limited to fire damage, severe structural damage, exposed wires and other defects which render the apartment complex uninhabitable. Plaintiff alleges that there are also other numerous defects not listed above.
>
> 17.  The apartment complex was not as represented and warranted by the defendants, and as a proximate result, the plaintiff suffered significant damages as described herein.

Ex. A at ¶ 13-17.

13. With respect to Cymbal Properties, the Underlying Action includes causes of action for fraud, fraudulent suppression, breach of implied and express warranty, negligence, wantonness, breach of fiduciary duty, conspiracy, and breach of contract. *See generally* Ex. A.

14. With respect to SVN Kahn Properties, the Underlying Action includes causes of action fraud, fraudulent suppression, breach of implied and express warranty, negligence, wantonness, breach of fiduciary duty, conspiracy, and breach of contract. *See generally* Ex. A.

15. The Underlying Action alleges Cymbal Properties, SVN Kahn Properties, and the other defendants injured Lisenby Properties and caused Lisenby Properties the following injuries and damages:

   a. Plaintiff was induced to purchase the property made the subject of this suit for a price in excess of its actual value due to its condition as represented and the use for which it was intended;

   b. Costs of repairs;

   c. Plaintiff has continued payments of financing on the property;

   d. Loss of value;

   e. Loss of use;

   f. Severe mental anguish;

   g. Severe emotional distress;

   h. Loss of income;

   i. Plaintiff has otherwise been injured and damage.

Ex. A at ¶ 27.

16. Lisenby Properties also seeks punitive damages. Ex. A at ¶ 28.

17. Auto-Owners understands Lisenby Properties seeks more than $75,000 in damages in the Underlying Action.

18. Auto-Owners issued letters to Cymbal Properties and SVN Kahn Properties agreeing to provisionally provide them with a defense in the Underlying

Action subject to a full reservation of Auto-Owners' rights under the terms of the Policy.

19. Auto-Owners seeks a declaration of its rights and obligations (if any) to defend and/or indemnify Cymbal Properties and/or SVN Kahn Properties in connection with the Underlying Action.

**B.  The Policy**

20. Auto-Owners issued a Tailored Protection Insurance Policy, policy no. 042317-38788700-20, to Cymbal Properties, LLC for the policy period February 3, 2020 to February 3, 2021 ("the Policy"). A copy of the Policy is attached as Exhibit B.

21. The Policy's insuring agreement provides coverage for "bodily injury" and "property damage" caused by an "occurrence" that takes place within the "coverage territory" as those terms are defined in the Policy, subject to certain exclusions and conditions. Ex. B at 21.

22. The Policy contains the following relevant coverage provisions:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking

7

those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

. . . .

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage for which the insured is obligated to pay damages by reason for the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

. . . .

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

. . . .

**j. Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason,

8

> > including prevention of injury to a person or damage to another's property;
>
> **(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises . . . .

. . . .

**SECTION V – DEFINITIONS**

. . . .

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . . .

**9.** "Insured contract" means:

> . . . .
>
> **f.** That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

. . . .

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . . .

**17.** "Property damage" means:

> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be

>> deemed to occur at the time of the "occurrence" that caused it . . . .

Ex. B at 21, 22, 24, and 31-34.

23. The Policy defines an insured as follows:

> ### SECTION II – WHO IS AN INSURED
>
> **1.** If you are designated in the Declarations as:
>
> . . . .
>
> **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>
> . . . .
>
> **2.** Each of the following is also an insured:
>
> **a.** Your "volunteer workers" . . . .
>
> **b.** Any person (other than your "volunteer workers"), or any organization while acting as your real estate manager.
>
> **c.** Any person or organization having proper temporary custody of your property if you die . . . .
>
> **d.** Your legal representative if you die . . . .
>
> **3.** Any organization you newly acquire or form . . . .
>
> No other person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

Ex. B at 28-29.

24. The Policy further contains the following Supplementary Payments provision:

> **2.** If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:
>
> **a.** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
>
> **b.** This insurance applies to such liability assumed by the insured;
>
> **c.** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";
>
> **d.** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;
>
> **e.** The indemnitee and the insured as us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and
>
> **f.** The indemnitee:
>
> **(1)** Agrees in writing to:
>
> **(a)** Cooperate with us in the investigation, settlement or defense of the "suit";
>
> . . . .
>
> **(c)** Notify any other insurer whose coverage is available to the indemnitee; and
>
> **(2)** Provide us with written authorization to:

> **(a)** Obtain records and other information related to the "suit"; and
>
> **(b)** Conduct and control the defense of the indemnitee in such "suit".

*Id.* at 28.

25. The Policy has additional terms, conditions and exclusions which may apply to the rights and obligations of the parties in connection with the Underlying Action and the full terms of the Policy are incorporated herein by reference.

**C.     Dispute of the Parties**

26. A real justiciable dispute exists between the parties as to the defense and coverage obligations, if any, of Auto-Owners under the Policy.

## IV.  GROUNDS FOR DECLARATORY RELIEF

**COUNT I – Declaration of No Coverage under the Insuring Agreement**

27. Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

28. The Policy provides liability coverage for "bodily injury" and "property damage" caused by an "occurrence." Ex. B at 21.

29. The Policy defines an "occurrence" as an "accident." Ex. B at 33.

30. The Underlying Action is premised on the allegation that Cymbal Properties concealed and misrepresented the condition of the apartment complex when it sold the apartment complex to Lisenby Properties.

31. Cymbal Properties' alleged concealment of, and misrepresentations about, known defects in apartment complex in connection with the sale of the apartment complex do not constitute an occurrence.

32. Even if Cymbal Properties' alleged conduct could be construed as an occurrence, its conduct did not cause "bodily injury" or "property damage."

33. Thus, the Underlying Action does not allege "bodily injury" or "property damage" caused by or resulting from an "occurrence."

34. Therefore, Auto-Owners seeks a declaration that it is not obligated to defend or indemnity Cymbal Properties with respect to the Underlying Action.

## COUNT II – Declaration of No Coverage
## Due To "Property Damage" Exclusions

35. Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

36. The Policy excludes coverage for certain "property damage" as identified in exclusion j. *See* Ex. B at 24.

37. The Policy's "owned property" exclusion, which is identified as exclusion j(1), negates coverage for "property damage" to "property you own, rent or occupy, including any costs and expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property." Ex. B at 24.

13

38. The Underlying Action alleges Cymbal Properties' misrepresentations and suppression occurred, at least in part, while it still owned the apartment complex prior to the completion of the sale to Lisenby Properties.

39. To the extent the Underlying Action can be construed to allege "property damage," there is no coverage for the Underlying Action because the "owned property" exclusion negates coverage for Cymbal Properties' wrongful conduct while Cymbal Properties still owned the apartment complex.

40. The Policy's "alienated property" exclusion, which is identified as exclusion j(2), negates coverage "property damage" to "[p]remises you sell, give away or abandon, if the "property damage" arises out of any part of those premises." Ex. B at 24.

41. The Underlying Action is premised on allegations that Cymbal Properties acted wrongfully in connection with the sale of the apartment complex to Lisenby Properties.

42. Thus, there is no coverage for the Underlying Action because the "alienated property" exclusion negates coverage for "property damage" to property sold by Cymbal Properties.

43. Accordingly, Auto-Owners seeks a declaration it does not owe a duty to defend or indemnify Cymbal Properties with respect to the Underlying Action because exclusion j negates coverage.

## COUNT III – Declaration of No Coverage
## Because the Expected or Intended Injury Exclusion Applies

44. Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

45. The Policy excludes coverage for "expected or intended injury" which is defined as "'property damage' expected or 'intended from the insured . . . ." Ex. B at 22.

46. The Underlying Action alleges Cymbal Properties knowingly suppressed and concealed information from Lisenby Properties about the defective condition and structural defects of the apartments at the time of the sale.

47. The Underlying Action also alleges Cymbal Properties conspired with the other defendants in order to induce Lisenby Properties to purchase Cedar Pointe Apartments for a price in excess of its actual value due to its defective condition which had structural defects.

48. Therefore, Auto-Owners seeks a declaration that it is not obligated to defend or indemnify Cymbal Properties with respect to the Underlying Action because coverage is negated by the expected or intended injury exclusion.

## COUNT IV – Declaration of No Coverage
## As To SVN Kahn Properties

49. Auto-Owners hereby adopts and reasserts the allegations in the paragraphs above.

50. The Policy's Declarations identify Cymbal Properties as the sole named insured.

51. SVN Kahn does not otherwise qualify as an insured under the Policy.

52. While SVN Kahn Properties does not qualify as an insured under the Policy, the Policy's Supplementary Payments provision provides limited defense coverage for Cymbal Properties' indemnitees.

53. However, Auto-Owners does not owe SVN Kahn Properties a defense to the extent there is no coverage for Cymbal Properties.

54. Further, Cymbal Properties' indemnitees, such as SVN Kahn Properties, are not entitled to a defense unless the conditions identified in the Supplementary Payments provision are satisfied.

55. Thus, Auto-Owners seeks a declaration that it is not obligated to defend or indemnify SVN Kahn Properties with respect to the Underlying Action.

## V.  PRAYER FOR RELIEF

WHEREFORE, Auto-Owners respectfully requests this Court declare adjudge the controversy as follows:

A. Declare there is no coverage under the Policy for the claims asserted against Cymbal Properties and SVN Kahn Properties in the Underlying Action;

B. Declare Auto-Owners does not owe a duty to defend or indemnify Cymbal Properties and SVN Kahn Properties with respect to the Underlying Action;

C. Declare there is no coverage under the Policy for Lisenby Properties' damages, if any, arising from the matters asserted in the Underlying Action;

D. Grant any other relief that the Court deems just and equitable under the circumstances.

Dated: March 8, 2021                                   RESPECTFULLY SUBMITTED,

                                                                                            */s/ Brian C. Richardson*
                                                        Brian C. Richardson
                                                        (ASB-5241-H14U)
                                                        Brandon J. Clapp
                                                        (ASB- 3990-D82W)
                                                        *Attorneys for Auto-Owners Insurance Company*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2404
F: (205) 244-1373
brian.richardson@swiftcurrie.com
brandon.clapp@swiftcurrie.com

**PLAINTIFF REQUESTS DEFENDANTS BE SERVED WITH THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Cymbal Properties, LLC
777 Patsaliga Lane
Grady, Alabama 36036-7628

SVN Kahn Properties, Inc.
3600 Clairmont Avenue S
Birmingham, Alabama 35222

Lisenby Properties, LLC
429 Wilson Avenue E
Thomasville, Alabama 36784

4853-2457-9798, v. 1