# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>CYMBAL PROPERTIES, LLC;<br>SVN KAHN PROPERTIES, INC.;<br>LISENBY PROPERTIES, LLC,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 1:21-cv-00111-KD-B |

## OPPOSITION TO MOTION TO DISMISS/STAY

Auto-Owners Insurance Company opposes Defendants Cymbal Properties, LLC, SVN Kahn Properties, Inc., and Lisenby Properties, LLC's Motions to Dismiss/Stay (Docs. 13, 14 and 15) for the foregoing reasons:

### I. STATEMENT OF THE CASE

1.    This action is brought pursuant to 28 U.S.C. § 2201 for a declaration of rights and obligations of Auto-Owners under the Tailored Protection Insurance Policy, policy no. 042317-38788700-20, issued to Cymbal Properties, LLC for the policy period February 3, 2020 to February 3, 2021 ("the Policy"). *See* Doc. 1.

2.    On October 26, 2020, Lisenby Properties, LLC filed a Complaint against Cymbal Properties, LLC, SVN Kahn Properties, and others in the lawsuit styled *Lisenby Properties, LLC v. Cymbal Properties, LLC, et al.*, in the Circuit

Court of Clarke County, Alabama, Civil Action No. CV-2020-900104 (hereinafter "the Underlying Action"). *See* Doc. 1-1.

3. The Underlying Action arises out of a dispute following the sale of an apartment complex known as Cedar Pointe Apartments and located in Thomasville, Alabama. Doc. 1 at ¶ 10.

4. Lisenby Properties purchased Cedar Pointe Apartments from Cymbal Properties, and now alleges Cymbal Properties and SVN Kahn Properties failed to disclose deficiencies in the building and misrepresented financial information regarding the property. Doc. 1 at ¶ 11.

5. Auto-Owners issued letters to Cymbal Properties and SVN Kahn Properties agreeing to provisionally provide them with a defense in the Underlying Action subject to a full reservation of Auto-Owners' rights under the terms of the Policy. *Id.* at ¶ 18.

6. On March 8, 2021, Auto-Owners filed this declaratory judgment action in order for this Court to determine if Auto-Owners has a continuing duty to defend or a duty to indemnify Cymbal Properties and SVN Kahn Properties with respect to the Underlying Action. *See* Doc. 1.

7. On April 21, 2021, Cymbal Properties and SVN Kahn Properties filed a motion to dismiss or stay arguing this Court should abstain from exercising

jurisdiction over this case. *See* Docs. 13 and 14. Lisenby Properties also filed a nearly identical motion to dismiss or stay. *See* Doc. 15.

8. Contrary to Defendants' assertions, the abstention doctrine has no application in this case because there is no parallel proceeding, and Defendants' efforts to deprive Auto-Owners of its ability to adjudicate this insurance coverage dispute in this Court should be denied.

## II. ARGUMENT

### A. Abstention Is Not Proper Because There Is No Parallel Action

In *Wilton v. Seven Falls Co.*, the United States Supreme Court held that a federal district court has broad discretion in determining whether to exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings. 515 U.S. 277, 282–90 (1995). The *Wilton* Court expressly limited its holding to those instances in which parallel proceedings are pending in state court, stating that it was "not attempt[ing] at this time to delineate the outer boundaries of [the district court's] discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." *Id.* at 290.

In moving to dismiss or stay this case, Defendants urge the Court to conclude *Wilton/Brillhart* abstention is warranted here. However, the abstention doctrine only applies when there is a pending parallel state court action. *See*

*Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). "[C]ourts in this Circuit have long recognized that they have discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties[,]' " i.e., where a parallel state court action exists. *State Farm Fire & Cas. Co. v. Knight*, 2010 WL 551262, *2 (S.D. Ala. 2010) (citation omitted); *Penn. Nat. Mut. Cas. Ins., Co. v. King*, 2012 WL 280656 (S.D. Ala. 2012).

However, the Underlying Action is not "parallel" to the current declaratory judgment action. The Underlying Action involves Lisenby Properties' claims against Cymbal Properties and SVN Kahn Properties for fraud, fraudulent suppression, breach of implied and express warranty, negligence, wantonness, breach of fiduciary duty, conspiracy, and breach of contract arising from the sale of an apartment complex. This declaratory judgment action involves solely claims for declaratory relief on the issue of whether Auto-Owners' insurance policy issued to Cymbal Properties affords coverage for the Underlying Action. Moreover, Auto-Owners is not party to the Underlying Action. As this Court stated in *Employers Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC*, 101 F.Supp.3d 1186 (S.D. Ala. 2015):

> When a declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if (1) the insurer was not a party to the suit pending in state court; and (2) the state court actions

4

> involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage.

*Employers Mut. Cas. Co.*, 101 F. Supp. 3d at 1189 (internal quotation marks omitted). Because the Underlying Action involves issues regarding Cymbal Properties and SVN Kahn Properties' liability to Lisenby Properties, and this declaratory judgment action concerns only Cymbal Properties and SVN Kahn Properties' insurance coverage, the Underlying Action cannot be considered "parallel." *Knight*, 2010 WL 551262, at *5 n.10 (noting that most of the *Wilton/Brillhart* abstention factors "only favor abstention when both the state and federal courts are asked to decide the same legal or factual issues") (citation omitted).

The scenario here is very similar to *Essex Ins. Co. v. Foley,* 2011 U.S. Dist. LEXIS 8170 (S.D. Ala. Jan. 27, 2011). There, the court found abstention was not warranted. In *Foley*, a man and his wife filed a personal injury suit against a number of defendants in state court. Essex Insurance Company filed a complaint for declaratory judgment in the Southern District of Alabama, seeking adjudication of a coverage dispute with its insured, one of the defendants in the underlying state court action. The court held *Wilton/Brillhart* abstention did not apply, so it was not proper to dismiss or stay the case. The court explained:

> In this action, there is neither identity of parties and issues, nor parallel state litigation. Essex Insurance Company, the plaintiff in this action, is not a party to the

> Underlying Action. No coverage issues have been joined in the Underlying Action. The fact finder in the Underlying Action will make no conclusive determinations about the completeness or veracity of Water's Edge's insurance application, or about whether Foley's claims against Water's Edge lie within the scope of the Policy, as modified by the Classification Limitation Endorsement. Certainly, the Underlying Action will say nothing about whether Essex has a duty to defend Water's Edge in that case, which issue Essex has squarely presented in this lawsuit. In short, what we have here are not parallel state court proceedings, but merely related state court proceedings.

*Id.* at *9-10.

Just like in *Foley,* Auto-Owners is not a party to the Underlying Action and no coverage issues have been raised in the Underlying Action. Thus, the Underlying Action is not a parallel proceeding.

Defendants appear to rely on *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1235 (S.D. Ala. 2006), in support of their abstention argument. That case is easily distinguishable and not applicable. *Rolison* involved competing federal and state court actions, which included the underlying state court liability lawsuit, a declaratory judgment action filed in federal court by the insurer, and a competing action for breach of insurance contract and bad faith filed by the insured in state court. Thus, *Rolison* clearly involved competing parallel actions involving the same subject – the insurer's obligations to its insured in the underlying liability lawsuit. As such, the *Rolison* Court appropriately applied the *Ameritas* guideposts

and determined abstention was appropriate under the circumstances of that case. In contrast to *Rolison*, there is no parallel state court case that addresses the insurance coverage issues raised in this case, so the abstention guideposts espoused in *Ameritas* are simply inapplicable.

For these reasons, abstention is not appropriate and Defendants' motions to dismiss/stay are due to be denied.

**B.     The *Ameritas* Guideposts Support Retaining Jurisdiction**

While the Court can rightfully deny Defendants' motions to dismiss/stay because there is no parallel proceeding, the *Ameritus* guideposts also reveal abstention is unwarranted. The Eleventh Circuit set forth the following factors for district courts to evaluate when determining whether or not to proceed with a declaratory action:

> (1)   the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2)   whether the judgment in the federal declaratory action would settle the controversy;
>
> (3)   whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4)   whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331. No single factor is controlling, and the Court may find other factors appropriate to consider. *Id*.

As to the first factor (State's interest), it is true that state law controls interpretation of the Auto-Owners Policy. However, given that the issue has not been raised in any other proceeding, there is no indication that the State has a strong interest in having it decided in a state court. The second factor (settling controversy) similarly weighs against abstention. Given that this case presents distinct legal issues, a judgment by this Court would not settle any of the Underlying Action's claims. Moreover, it is unquestionable that a judgment in this case would help clarify the legal relations between Auto-Owners, Cymbal Properties and SVN Kahn Properties, so the third factor (clarification of legal

relations) supports the conclusion that the Court should not abstain from hearing this case.

As to the fourth factor (procedural fencing), Defendants make no argument (and can present no evidence) this action is being used for procedural fencing. Because there is no overlap between the legal and factual issues in this case and those in the Underlying Action, there is no risk of *res judicata*. Further, Auto-Owners "appears to have brought this action in the proper forum for a proper purpose to resolve issues not joined in the underlying action." *Employers Mut.*, 101 F. Supp. 3d at 1191.

The fifth factor (friction between state and federal courts) also supports the conclusion that this Court should retain jurisdiction over this case. The issues of insurance coverage and Auto-Owners' coverage obligations are not pending in the Underlying Action, so there is no basis to believe that this case would cause any friction with the state courts or encroach on the Underlying Action.

Under the sixth factor (better remedy), the most effective remedy for all parties involved in this case is a prompt resolution of the coverage issues in this forum. The issues relative to Auto-Owners' duty to defend Cymbal Properties and SVN Kahn Properties are questions of law to be decided based upon the terms and conditions of the policies and the allegations of the Complaint in the Underlying Action, which can be effectively resolved in this Court. *See Universal*

*Underwriters v. Stokes Chevrolet, Inc.,* 990 F.2d 598 (11th Cir. 1993). Further, the insurance coverage issues are not even before the court in the Underlying Action. Thus, there is no better remedy existing for resolution of the matters raised in this declaratory judgment action.

With respect to the seventh factor (importance of underlying factual allegations) and eighth factor (better suited court), resolution of this case does not turn on any of the factual issues in the Underlying Action because duty to defend is based solely on the language of the insurance policy and the factual allegations in the Underlying Action's complaint. Even assuming there are limited facts that may be necessary for a coverage determination that are material to the Underlying Action, Judge Steele has explained:

> But the mere overlap of certain facts, without more, does not in any way suggest that this case will interfere or encroach on the state court proceedings, much less justify the imposition of a stay of this properly filed federal declaratory judgment action pending the conclusion of the Underlying Action. After all, it is rare that an insurance coverage declaratory judgment action does not involve overlapping facts with the underlying tort action, yet such declaratory judgment actions deciding coverage routinely coexist with state court litigation concerning liability.

*Foley*, 2011 WL 290423 at *3 n 5. However, Defendants have not identified any overlapping issues of fact that may arise between this case and the Underlying Action, so these factors also weigh against abstention.

Finally, under the ninth factor (nexus between underlying issues and state law), as under the first, it is true that the question about the scope of insurance coverage in this case must be decided in accordance with Alabama law. However, because the issue is not currently pending in the Underlying Action, or in any other state-court litigation, this factor does not favor abstention.

Thus, the *Ameritus* guideposts weigh strongly in favor of retaining jurisdiction over this declaratory judgment action. Defendants have offered no reason to believe dismissing or staying this action would promote the objectives of federalism, efficiency, and comity that underly the Federal Declaratory Judgment Act and *Brillhart-Wilton* abstention. Therefore, the Court should exercise its discretion to hear this declaratory judgment action.

**C.     Auto-Owners' Claims For Declaratory Relief Is Ripe**

Defendants also seem to argue the Court should dismiss or stay this case because the Underlying Action remains pending and little to no discovery has taken place in the Underlying Action. However, the status of discovery in the Underlying Action is irrelevant to whether this declaratory judgment action presents a justiciable claim or not.

"[W]hether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief. . . . " *St. Paul Fire & Marine Ins. Co. v. Town of Gurley, Ala.,* 2012 WL 3637690, at *4 (N.D. Ala. Aug.

11

22, 2012) (internal citations omitted). As this Court is well aware, the duty to defend is determined by the language of the insurance policy and the allegations of the complaint filed against the insured. *See, e.g., ALFA Mut. Ins. Co. v. Morrison*, 613 So. 2d 381, 382 (Ala.1993). "'Thus, a court ordinarily will have no reason to immerse itself in the facts surrounding the incident in question; it need only look to the allegations made against the insured and decide whether, if proven, those allegations would establish an injury that the policy would cover.'" *Town of Gurley, Ala.*, at *4 (quoting *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 694 (7th Cir.1995)). Indeed, the federal courts in Alabama frequently resolve the issue of an insurer's duty to defend based upon the pleadings prior to resolution of the underlying lawsuit. *Id.* (internal citations omitted). Thus, the status of the Underlying Action has not practical implications for resolving this insurance coverage dispute, which may be addressed by determining whether the allegations of the complaint in the Underlying Action state a claim for which there is coverage under the terms and conditions of the Auto-Owners Policy. *See also Employers Mut. Cas. Co. v. Evans,* 76 F. Supp. 2d 1257 (N.D. Ala. 1999) (denying a motion to dismiss a declaratory judgment action arguing the issue of ripeness and holding "a determination that there is no duty to defend may well determine the duty to indemnify issue.")

Further, dismissing or staying this case until the Underlying Action is resolved will deny justice to Auto-Owners. If the duty to defend is not addressed until the Underlying Action is resolved, then any coverage decision on the duty to defend would be either moot or meaningless because Auto-Owners would be forced to defend through resolution of trial without a declaration of its defense obligations. *Foley*, at *13-14 ("[S]taying this case pending the outcome of the Underlying Action would be wholly unproductive (and certainly would not preserve judicial or litigant resources) because the coverage issues would remain undecided in this case after the Underlying Action was completed. What's more, the duty-to-defend component of this declaratory judgment action would almost certainly be rendered moot by a stay pending resolution of the Underlying Action, thereby needlessly frustrating Essex's efforts to obtain a ruling on the merits as to that issue."). Thus, the issue of whether Auto-Owners has a duty to defend is ripe for this Court's review. Staying this case would frustrate Auto-Owners' efforts to obtain judicial guidance on whether it owes no duty to defend in the Underlying Action. Accordingly, this case should not be dismissed or stayed.

**D.    Lisenby Properties Is A Proper Party To This Case**

Lisenby Properties seems to suggest it should not be a party to this case because it is not a party to the insurance contract at issue. As this Court is well aware, it is appropriate for insurers, like Auto-Owners, to name tort claimants as

13

parties to declaratory judgment actions against their insureds. Both federal and Alabama case law hold a tort claimant is an indispensable party to declaratory judgment actions, either under the Federal Declaratory Judgment Act or the Alabama Declaratory Judgment Act. Otherwise, the coverage decision has no binding effect on the tort claimant, who may later file suit against the insurer as a judgment creditor. *McDaniel v. Harleysville Mut. Ins. Co.*, 84 So. 3d 106 (Ala. Civ. App. 2011); *see also Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.,* 420 F.3d 1317 (11th Cir. 2005); *Am. Safety Cas. Ins. Co. v. Condor Assocs.*, 129 Fed. Appx. 540 (11th Cir. 2005); *Andalusia Enters., Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1293-94 (N.D. Ala. 2007) ("[A]n alleged tort victim [has] an interest, actual or theoretical, in whatever finding will ultimately be made on the coverage question, whether against [the plaintiffs] or in their favor. [He is] therefore an indispensable party in the state court action pursuant to § 6-6-227 [of Alabama's Declaratory Judgment Act].").

Thus, when filing a declaratory judgment action, the preferred practice in Alabama and Alabama's federal courts is for the insurer to name the person or entity claiming coverage under its policy as well as the underlying tort claimant. That is what Auto-Owners did here. Thus, to the extent Lisenby Properties requests dismissal, it should be denied.

14

## III.  CONCLUSION

Auto-Owners is not a party to the Underlying Action. Moreover, the Underlying Action does not address the coverage issues raised in this declaratory judgment action. Therefore, there is no parallel proceeding, and the abstention doctrine simply does not apply. Further, a stay of this case is improper because the coverage issues are ripe for adjudication. Accordingly, Defendants' motions to dismiss/stay should be denied.

Dated: May 5, 2021                                    RESPECTFULLY SUBMITTED,

                                                                          /s/ Brian C. Richardson
                                                                         Brian C. Richardson
                                                                         (ASB-5241-H14U)
                                                                         Brandon J. Clapp
                                                                         (ASB- 3990-D82W)
                                                                         *Attorneys for Auto-Owners Insurance Company*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2404
F: (205) 244-1373
brian.richardson@swiftcurrie.com
brandon.clapp@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 5, 2021, the foregoing was served on the following attorneys of record by one or more of the following means in accordance with the Federal Rules of Civil Procedure:

[X]    CM/ECF Electronic Filing
[]     Email
[]     U.S. Mail
[]     Facsimile
[]     Hand Delivery

| John D. Richardson | Robert D. (Bo) Keahey, Jr. |
|---|---|
| john@richardsonlawllc.com | bo@williamskeahey.com |
| ***Attorney for Cymbal Properties, LLC and SVN Kahn Properties, Inc.*** | ***Attorney for Lisenby Properties, LLC*** |

                                */s/ Brian C. Richardson*
                                OF COUNSEL