IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE CO., )<br>    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION: 1:21-00111-KD-B |
| ) | |
| CYMBAL PROPERTIES, LLC, *et al.*, )<br>    Defendants. ) | |

**ORDER**

This matter is before the Court on the motions to dismiss/stay per abstention filed by Defendants Cymbal Properties, LLC and SVN Kahn Properties, Inc. (Docs. 13, 14) and Lisenby Properties, LLC (Doc. 15), and Plaintiff Auto-Owners Insurance Company's Opposition (Doc. 16); and Plaintiff's motion to dismiss the bad faith counterclaim of Cymbal and SVN. (Doc. 17).[1]

**I.     Background**

On October 26, 2020, Lisenby Properties, LLC (Lisenby) commenced state court litigation in the Circuit Court of Clarke County, Alabama against certain entities and individuals in *Lisenby Properties, LLC vs. Cymbal Properties, LLC, SVN Kahn Properties, Inc., Gordon L. Davis, PE*, *et al,* Civil Action No.: CV-2020-900104 (the underlying action). (Doc. 1-1). In that case, Lisenby sued Cymbal, SVN Kahn, and others, for claims related to a real estate transaction for the sale of an apartment complex in Thomasville, Alabama. Specifically, Lisenby alleged that it purchased the apartment complex from Cymbal, and Cymbal and SVN Kahn failed to disclose deficiencies in the building and misrepresented financial information regarding the property. From this, Lisenby asserted claims against Cymbal and SVN Kahn (and others) for fraud, fraudulent

---

1 Cymbal and SVN Kahn were given an opportunity to file a response; none was filed. (Doc. 18).

1

suppression, breach of implied and express warranties, negligence, wantonness, breach of fiduciary duty, conspiracy, and breach of contract. Auto-Owners Insurance Company (Auto-Owners) is providing its insureds, Cymbal and SVN Kahn, with a defense in that case per Tailored Protection Insurance Policy No. 042317-38788700-20, subject to a full reservation of rights.

On March 8, 2021, Auto-Owners filed this Declaratory Judgment Act action seeking a declaration of its rights and obligations (if any) to defend and/or indemnify its insureds Cymbal and/or SVN Kahn in the underlying action, based on the terms of the policy. (Doc. 1). Auto-Owners argues that there has been no "bodily injury" or "property damage" to trigger an "occurrence" such that there is no coverage and/or that exclusions apply -- *i.e.,* there is no duty to defend and/or indemnify Cymbal or SVN Kahn.

On April 21, 2021, Cymbal and SVN Kahn filed a joint answer asserting a bad faith counterclaim against Auto-Owners. (Doc. 12). The counterclaim asserts that Auto-Owners "acted in bad faith in filing this Declaratory Judgment action" based on the following:

> 1. It has failed in good faith to investigate the merits of the claims in the State Court action before filing the declaration action in the Federal Court.
>
> 2. The action was filed prematurely before all issues and the merits of the claims could be determined by discovery and rulings in the State Court action.
>
> 3. It has failed to apply the Alabama law to the facts alleged in the State Court action.
>
> 4. It has caused unnecessary expense to be incurred by Defendant Cymbal Properties, LLC, and interrupted business decisions to the detriment of the Defendant.

(Id. at 6). Ten minutes later, Cymbal and SVN Kahn moved to dismiss or to stay this federal action based on abstention. (Docs. 13, 14).

On April 23, 2021, Lisenby filed a virtually identical motion to dismiss or to stay, on the same basis. (Doc. 15). On May 5, 2021, Auto-Owners filed its opposition to those motions. (Doc.

16).  On May 12, 2021, Auto-Owners moved to dismiss Cymbal and SVN Kahn's bad faith counterclaim, for failure to state a claim upon which relief may be granted.  (Doc. 17).

## II. Discussion

Defendants move to dismiss or to stay this action under Wilton/Brillhart -- citing Lexington Ins. Co. v. Rolison, 434 F.Supp.2d 1228, 1235, 1238, 1243-1246 (S.D. Ala. 2006)) which applied the "heart of the matter" test of Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).[2]  Auto-Owners simultaneously moves to dismiss Cymbal and SVN Kahn's bad faith counterclaim due to failure to state a claim under Fed.R.Civ.P. 12(b)(6).  Defendant Lisenby also seeks abstention, but argues that it is not even a proper party to the declaratory judgment action.

### A. Lisenby's motion to dismiss or stay per abstention

Lisenby's argument that it is not a proper party to this declaratory judgment action lacks merit.  Alabama and federal case law provide that a tort claimant such as Lisenby (who is suing the insureds Cymbal and SVN Kahn in state court) is an indispensable party to such an action, otherwise a coverage decision would have no binding effect on that claimant, who may file a direct action against the insurer as a judgment creditor.  As explained by this Court in GeoVera Spec. Ins. Co. v. Small, 2011 WL 2681289, *4 at note 1 (S.D. Ala. Jul. 11, 2011):

> *See* Am. Safety Cas. Ins. Co. v. Condor Assocs., 129 F. App'x 540, 542 (11th Cir.2005) ("In Ranger [Insurance Co. v. United Housing of New Mexico, 488 F.2d 682 (5th Cir.1974) ], we affirmed the district court's conclusion that the absent tort claimants were indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, 'the claimants' interests would be prejudiced.' *Id.* at 683 ... The district court in this case acted well within its discretion in applying the reasoning and analysis from *Ranger* to reach the conclusion that the Volpes[, injured parties suing the insured,] would be prejudiced if [insurer] ASCIC's suit were to proceed without them ... it probably

---

[2] Wilton v. Seven Falls Co., 515 U.S. 277 (1995); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942); Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).

3

would have been error not to follow *Ranger*."); *Dairyland Ins. Co. v. Makover,* 654 F.2d 1120, 1123 (5th Cir. Unit B Sept.1981) ("In a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer was contingent upon recovery of a judgment against the insured." (citations omitted)); *Earnest v. State Farm Fire & Cas. Co.,* 475 F.Supp.2d 1113, 1116–17 (N.D.Ala.2007) (applying *Condor, Ranger,* and other similar former-Fifth Circuit opinions in holding that, in a declaratory judgment action between an insurer and an insured, "the underlying tort plaintiff would be an indispensable party no matter who initiated the complaint[.]"); *White–Spunner Constr., Inc. v. Zurich Am. Ins. Co., ...* 2010 WL 3489956, at *3–6 ... (S.D.Ala. Aug. 30, 2010) ... (applying *Condor* and *Ranger* in finding underlying tort plaintiff was indispensable party to declaratory judgment action).

See also e.g., Andalusia Enterp. Inc. v. Evanston Ins. Co., 487 F. Supp. 2d 1290, 1293-1294 (N.D. Ala. 2007) ("[A]n alleged tort victim ... [has] an interest, actual or theoretical, in whatever finding will ultimately be made on the coverage question .... [as] ... an indispensable party in the state court action pursuant to § 6-6-227 [Alabama's Declaratory Judgment Act[]]"). As such, Lisenby's motion is **DENIED**.

B.     **Defendants' motions to dismiss or stay per abstention**

The Court now turns to the defendants' remaining contentions -- which summarily assert that abstention is required per Wilton/Brillhart due to the presence of "mixed claims"[3] and because nothing "ha[s] ... been resolved" in the underlying action (no depositions, no mediations, and the issues are pending). While defendants provide no explanation in this regard, it *appears* that any

---

3 Essentially meaning a litigant alleges or seeks a claim/remedy (or claims/remedies) beyond solely declaratory judgment relief (*e.g*., a combination of money damages and declaratory relief, a combination of declaratory relief and counterclaims for breach of contract, etc.). See, e,g, Lexington Ins. Co. v. Rolison, 434 F. Supp. 2d 1228, 1238 (S.D. Ala. 2006) (explaining the relationship between declaratory relief versus monetary -- or "coercive" -- claims on the other). See also Chard v. Board of Trustees of City of Hollywood Firefighters' Pension Sys., 2019 WL 4805695, *2-4 (S.D. Fla. Oct. 1, 2019) (discussing "mixed claims" in the Eleventh Circuit).

"mixed claims" exist via Cymbal and SVN Kahn's bad faith counterclaim.[4]  As such, the Court first addresses Auto-Owners' motion to dismiss the bad faith counterclaim, which is merited, as such extinguishes the presence of "mixed claims" in this case.

Auto-Owners moves to dismiss Cymbal and SVN Kahn's bad faith counterclaim per Fed.R.Civ.P. Rule 8(a)(2)[5] and 12(b)(6), arguing the allegations do not support such a claim.[6]  As summarized in Omni Tech., LLC v. Know Ink, LLC, 2020 WL 5239823, *2 (S.D. Ala. Sept. 2, 2020):

> To satisfy Rules 8(a) and 12(b)(6), Fed.R.Civ.P., a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ] [its] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 ....(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 .... (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim."

---

   4 As summarized in Great Lakes Inc. SE v. Dunklin, 510 F.Supp.2d 1091, 1097-1098, (S.D. Ala. Jan 4. 2021):

   This species of abstention is designed to assist district courts in balancing state and federal actions in determining whether to exercise their discretion to make a declaration of rights under the Declaratory Judgment Act. See Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005). Indeed, Wilton was a case in which the Supreme Court "characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 ... (1995) (citations omitted). Likewise, Brillhart was a case in which the Supreme Court opined that it would be "uneconomical" and "vexatious" for a federal district court to hear a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and same legal issues (not arising under federal law) in state court. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 ... (1942). When the Eleventh Circuit considered these two Supreme Court decisions together in Ameritas, it "furnished district courts with guidance in how to wield their Wilton / Brillhart discretion under the Declaratory Judgment Act in the presence of parallel state proceedings." Pennsylvania Nat'l Mut. Cas. Ins. Co. v. King, 2012 WL 280656, *3 (S.D. Ala. Jan. 30, 2012)

   5 "A pleading that states a claim for relief must contain:...(2) a short and plain statement of the claim showing that the pleader is entitled to relief[]..."

   6 For failure to state a claim upon which relief can be granted.

*GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require[ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 .... As the Eleventh Circuit has explained, *Twombly* / *Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention,* 623 F.3d 1371, 380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, ... but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

The counterclaim is vaguely plead and does not appear to support an actionable claim and/or one that is plausible on its face. (Doc. 17 at 4-5). Rather, as plead, it is not a counterclaim for traditional bad faith in Alabama: Cymbal and SVN Kahn do <u>not</u> assert a bad faith counterclaim for refusal to settle, failure to pay, denial of an insurance claim, or denial of the duty to defend -- and there are no factual allegations of such. Rather, Cymbal and SVN Kahn assert a counterclaim against Auto-Owners for its purported failure to investigate the merits of the state court issues and to apply Alabama law, which they assert results in bad faith for the premature filing of this declaratory judgment action causing them to incur unnecessary expenses. As framed by Cymbal and SVN Kahn, the bad faith counterclaim against Auto-Owners is based on the mere fact that Auto-Owners filed this declaratory judgment action (*i.e.*, claiming that Auto-Owners has committed bad faith by agreeing to provide a defense in the underlying action while also seeking declaratory relief). However, an insurer's act of seeking a legal determination of the requirements of the insurance policy by filing a declaratory judgment action "cannot, in and of itself, constitute .... bad faith so long as the insurer continues to perform under the contract until obtaining a ruling that the contract's provisions do not require its performance." *State Auto Prop. & Cas. Ins. Co. v. Stillwell Masonry Co., Inc.*, 2006 WL 3802312, *2 (M.D. Ala. Dec. 22, 2006). <u>See</u> <u>also</u> <u>e.g.</u>, May

v. Patterson, 2013 WL 4776345, *5 (S.D. Ala. Sept. 5, 2013) ("[t]he main purpose of the [federal] Declaratory Judgment Act is to have disputed coverage and liability issues between an insured and insurer decided in advance[]"); Certain Underwriters at Lloyd's, London, Subscribing to Cert. No. 5190 v. Sheth, 2000 WL 1566518, *2 (S.D. Ala. Sept. 29, 2000) (adopting the Report & Recommendation) (an insurer "is well within its rights to file a declaratory judgment action seeking [a] coverage determination before the resolution of the underlying state action[]").

As illustration, under a Rule 12(b)(6) dismissal standard, and as set forth in Stillwell Masonry, 2006 WL 3802312 at *1-2 (albeit for bad faith refusal to pay a claim): [7]

> In the Motion to Dismiss Counterclaim and supporting briefs, State Auto argues that the claims in the counterclaim against it fail to state a claim for which relief can be granted and that those claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986). Put another way, dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *See, e.g., Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir.2006); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th

---

[7] See also State Farm Fire and Cas. Co. v. Blanton, 2015 WL 9239788, *12 (D.S.C. Dec. 17, 2015):

> ...state and federal jurisdictions throughout the country have repeatedly held that the filing of a declaratory judgment, by itself, does not constitute an act of bad faith on the part of the insurer. See *Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 689 (9th Cir.1993) ("The fact that Zurich brought a declaratory judgment action to determine its liability for coverage is not bad faith."); *Aetna Cas. and Sur. Co. v. Ericksen,* 903 F.Supp. 836, 841 (M.D.Pa. 1995) ("We conclude that there has been no bad faith on the part of Aetna either in refusing to defend and indemnify in the state court action, or in bringing the instant declaratory judgment action."); *International Surplus Lines Inc. v. University of Wyoming Research Corp.,* 850 F. Supp. 1509, 1527 (D.Wyo. 1994) ("Absent a showing by the defendants that the plaintiff filed this [declaratory judgment] suit for an improper or illegitimate purpose, a showing that has not been made in this case, it is clear that the mere fact of filing suit, standing alone, is not evidence of bad faith."). While the simple filing of a declaratory judgment action normally may not constitute breach of contract or bad faith, the complete factual basis for these claims is unclear and it is also unclear whether any improper purpose was involved. State Farm's motion to dismiss or for judgment on the pleadings is denied as to the filing of the declaratory judgment action....

> Cir.1993). Dismissal is therefore permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.* In considering the merits of a motion to dismiss for failure to state a claim, the Court will accept as true all well-pleaded *factual* allegations and will view them in a light most favorable to the nonmoving party. *See, e.g., Hishon,* 467 U.S. at 73; *Glover,* 459 F.3d at 1308.
>
> Given the requisite elements of the claims articulated in the Counterclaim, the Court finds that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. …. a bad faith claim requires a showing that the insurer has intentionally refused to pay a claim. Seeking a legal determination of the requirements of the contract by filing a declaratory judgment action cannot, in and of itself, constitute …. bad faith so long as the insurer continues to perform under the contract until obtaining a ruling that the contract's provisions do not require its performance. Moreover, even if the goal of the declaratory judgment action is to deny insurance coverage in the underlying action if legally permissible, this Court cannot find that merely seeking a determination of its rights and obligations under the insurance contract in a declaratory judgment action.

See also e.g., State Farm Fire & Cas. Co. v. Pinon, 2014 WL 131584, *4 (S.D. Miss. Jan. 13, 2014) ("instituting a declaratory judgment action to settle a coverage dispute is not bad faith denial of coverage. *Stratford Ins. Co. v.. Cooley,* 985 F. Supp. 665, 673 (S.D. Miss. 1996); *Accident Ins. Co. v. Classic Bldg Designs, LLC,*...2011 WL 1813268, *4 (S.D. Miss. May 6, 2011) (filing declaratory judgment action is not only not bad faith, it may actually be prima facie evidence of good faith[]"); State Farm Fire & Cas. Co. v. Waithe, 2010 WL 11613529, *5 (S.D. Ga. Jul. 16, 2010) (an insurer "defending a lawsuit under a reservation of rights and filing a declaratory judgment is not evidence of bad faith[]").

Moreover, neither Cymbal nor SVN Kahn referenced any conduct by Auto-Owners evincing a failure to investigate in filing the declaratory judgment action. This, even though Cymbal and SVN Kahn were provided with the opportunity to do so. (Doc. 18). See, e.g., Indian Harbor Ins. Co. v. City of Tacoma, Washington Dept. of Public Utilities, 354 F.Supp.3d 1204, 1216-1218 (W.D. Wash. 2018) (dismissing a bad faith counterclaim, filed in response to a

8

declaratory judgment action, due to the lack of any evidence of bad faith on the part of the insurer -- "[n]o material facts are shown[]"); Cincinnati Ins. Co. v. Harry Johnson Plumbing & Excavating Co., Inc., 2017 WL 5632943, *7 (E.D. Wash. Sept. 29, 2017) ("....while the filing of a declaratory judgment action for an improper motive can validly support a bad faith claim, HJPE lacks evidence to support such a claim. *See e.g.,* State Farm Fire & Cas. Co. v. Trumble, 663 F.Supp. 317, 320 (D. Idaho 1987) ('All courts, including this court, have recognized and condoned the use of declaratory judgment actions by insurers...merely invoking the right to a declaratory judgment action does not, in and of itself, support an action for bad faith.'). There is no evidence whatsoever that CIC has filed this declaratory judgment action for an unreasonable or illegitimate purpose, such as for the purpose of forum shopping or putting financial strain on a claimant for its own economic benefit. It is not bad faith for an insurer to resort to a judicial forum to resolve a legitimate coverage dispute[]").[8] And it is not the task of this Court to make those arguments for

---

8  State Farm Fire & Cas. Co. v. Trumble, 663 F.Supp. 317, 320 (D. Idaho.1987): "to the extent a claim of bad faith rests entirely upon the filing of a declaratory judgment action, the bad faith claim would be unsupportable [sic]. All courts, including this court, have recognized and condoned the use of declaratory judgment actions by insurers. ... merely invoking the right to a declaratory judgment action does not, in and of itself, support an action for bad faith." See also e.g., Law School Admission Council, Inc. v. Tatro, 153 F.Supp.3d 714, 726 at note 119 (E.D. Penn. 2015):

> ... The court in *IMS Health* persuasively reasoned the filing of a declaratory judgment action is not itself evidence of bad faith:
>
> > The purpose of the Declaratory Judgment Act is to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist. In many cases, the declaratory defendant is prepared to, and does, file its own affirmative suit shortly afterwards. Therefore, a district court cannot dismiss a proper declaratory action merely because affirmative infringement litigation is subsequently brought elsewhere.
>
> 59 F.Supp.2d at 463 (internal citations omitted). *IMS Health*, 59 F.Supp.2d at 464; *see also* Koresko v. Nationwide Life Ins. Co., 403 F.Supp.2d 394, 403 (E.D.Pa.2005) (finding threat of litigation insufficient to support finding of bad faith).

Cymbal and/or SVN Kahn.  In sum, it appears that -- as alleged -- there are no set of facts which would entitle Cymbal and/or SVN Kahn to relief for a bad faith counterclaim and that such counterclaim is not plausible on its face.  Thus, even when accepting as true the counterclaim's allegations and viewing them in a light most favorable to Cymbal and SVN Kahn, they have not stated a valid bad faith counterclaim under Fed.R.Civ.P. 12(b)(6), such that Auto-Owners motion to dismiss is **GRANTED** and said counterclaim is **DISMISSED.**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy ... any court of the United States ... may declare the rights and legal relations of any interested party seeking such declaration[,]" and "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Tudor Ins. Co. v. Smith, 2012 WL 4344535, *2 (N.D. Ala. Sept. 18, 2012) (*quoting* Wilton, 515 U.S. at 286). "When relevant, the degree of similarity between concurrent state and federal proceedings is a *significant* consideration in deciding whether to entertain an action under the Declaratory Judgment Act." National Trust Ins. Co. v. Southern Heating and Cooling Inc, 2021 WL 4025528, *2 (11th Cir. Sept. 3, 2021) (unpublished) (emphasis added).  And district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." Great Lakes Reins. (UK) PLC v. TLU Ltd., 298 Fed. Appx. 813, 814 (11th Cir. Oct. 10, 2008) (per curiam) (*quoting* Wilton, 515 U.S. at 286). Further, a district court's stay or dismissal is reviewed for abuse of discretion. Id. Indeed, a district court's ruling is not reversed unless it has "made a clear error of judgment, or has applied the wrong legal standard." Id. *(*citing Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1332 (11th Cir. 2005)).

Historically, abstention caselaw has often focused on the presence or absence of parallel state proceedings or concurrent litigation.  In Brillhart, 316 U.S. at 494–495, the Supreme Court made clear that "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it [i]s under no compulsion to exercise that jurisdiction ... [because] [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  In Wilton, 515 U.S. at 279, the Supreme Court resolved a conflict among the Circuits and held that the *Brillhart* discretionary standard governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings.  And in Ameritas, 411 F.3d 1328, the Eleventh Circuit provided nine (9) factors for consideration when balancing state and federal interests in assessing abstention for concurrent litigation.  These factors are:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Ameritas, 411 F.3d at 1331.

However, while the similarity between concurrent proceedings is a significant consideration, "the existence of a parallel proceeding is not a prerequisite to a district court's refusal to entertain an action under § 2201(a)." National Trust, 2021 WL 4025528, *3. Rather, the Court conducts a "totality-of-the-circumstances[]" analysis. Id. at *4-5. And "[t]he greater the difference between concurrent proceedings, the less likely refusing to exercise jurisdiction will further the principles of wise judicial administration, federalism, comity, and avoidance of duplicative and officious federal proceedings." Id. at 4.

Here, the underlying state action is not parallel to this declaratory judgment action. The state action involves Lisenby's claims against Cymbal and SVN Kahn (and others) -- for fraud, fraudulent suppression, breach of implied and express warranty, negligence, wantonness, breach of fiduciary duty, conspiracy, and breach of contract -- arising from the sale of an apartment complex. This declaratory judgment action involves Auto-Owners' claims against its insureds Cymbal SVN Kahn, and Lisenby, for declaratory relief as to whether the insurance policy issued to Cymbal and SVN Kahn requires a duty to defend and indemnify its insureds for the state court claims (*i.e.*, a coverage dispute). Additionally, Auto-Owners is not party to the underlying state action. Moreover,

> An insurance company's duty to defend its insured from suit is determined by the language of the insurance policy and by the factual allegations in the complaint filed against the insured. See Alfa Mut. Ins. Co. v. Morrison, 613 So. 2d 381, 382 (Ala. 1993). There is no need for this court to make any "specific findings of fact as to the merits or validity of those factual allegations in the pleading," so the resolution of any disputed factual issues by the state court is irrelevant to resolution of the federal case. See Pa. Nat. Mut. Cas. Ins. Co. v. King, ...2012 WL 280656, at *3 n.5 (S.D. Ala. Jan. 30, 2012) (Steele, C.J.). Nor is there any overlap in the legal issues presented: The issue of the insured's liability has not been raised in the federal case, and the issue of insurance coverage has not been raised in the state-

court cases. While the cases are related, they are separate--there is "no reasonable risk of inconsistent rulings, duplication of effort, or federal entanglement with the state court proceedings." State Farm Fire & Cas. Co. v. Knight, ... 2010 WL 551262, at *4 (S.D. Ala. Feb. 11, 2010) (Steele, J.)....

Accident Ins. Co., Inc. v. Mathews Dev. Co., LLC, 2021 WL 1617258, *3 (M.D. Ala. Apr. 26, 2021). There is no reason to abstain given the foregoing. Id. Further, following the *relevant*[9] guidance of National Trust, and after considering Accident Ins., supra, "[e]valuating each of the *Ameritas* factors individually leads to the same conclusion[]" in the undersigned's "totality-of-the-circumstances" analysis.

---

9 Distinct from this case, the Eleventh Circuit's Ameritas analysis focused on a novel issue of state law in that case (referencing same as support for abstention when assessing the fifth, sixth, seventh, eighth and ninth factors) -- "whether carbon monoxide qualified as a pollutant under the policy exclusion, an unresolved issue under Alabama law[.]" National Trust, 2021 WL 4025528 at 8. Indeed, in the concurrence, the Court distinguished the case from the more traditional declaratory judgment actions between an insurer and its insured, and moreover, as detailed in the dissent:

> ... unlike most declaratory judgment actions between a liability insurer and its insured, this lawsuit turns more on the facts of the alleged tort than an interpretation of the insurance contract. All parties agree that, even if we were to resolve the pollution-exclusion question in favor of the insurer, a "hostile fire" exception to the exclusion may nonetheless compel the insurer to defend and indemnify. That exception applies if the fire that caused an injury was burning outside of its intended location, and its application can only be resolved by assessing the facts of the accident that allegedly injured the underlying tort plaintiff. Again, in my view, the district court correctly reasoned that the facts surrounding that accident should first be developed through discovery and fact-finding in the underling state tort litigation, not a federal declaratory judgment action. In fact, given the nature of the insurance company's arguments against coverage, this declaratory judgment action would probably not be ripe until after the state court determined liability. See Allstate Ins Co. v. Employers Liabl. Assur. Corp., 445 F.2d 1278, 1281 (5th Cir. 1971). Either way, the district court was within its discretion to dismiss the case without prejudice.

National Trust, 2021 WL 4025528 at *9 (concurrence).

1. **<u>The strength of Alabama's interest in having issues decided in state court</u>**

"[I]t is true that state law controls interpretation of the insurance policy. However, given that the issue has not been raised in any Alabama proceeding, there is no indication that the State has a strong interest in having it decided in a state court." Accident Ins., 2021 WL 1617258 at *3. Even so, in National Trust, 2021 WL 4025528 at *7, the Eleventh Circuit found no error in the district court's emphasis on Alabama's "compelling interest in determining the issues raised in the declaratory judgment action" because the insurer was an Alabama company, the insurance policy was issued in Alabama, and the aggrieved were Alabama residents. In this case, and per the declaratory judgment Complaint (Doc. 1), Auto-Owners is a Michigan corporation, the policy was issued in Alabama (Doc. 1-3), the insured Cymbal is an Alabama limited liability company, and its insured SVN Kahn is an Alabama corporation. This suggests the strength of Alabama's interest. However, in National Trust's discussion of this factor, the Eleventh Circuit also emphasized the existence of an "open question of [novel] state law [in that case which] increased Alabama's interest in determining the issue [the interpretation of the policy including the applicability of an exclusion][,]" apparently tipping the balance in favor of the state. National Trust, 2021 WL 4025528 at *7. In this case, there is no open or novel question of state law increasing Alabama's interest.

2. **<u>Whether a federal declaratory judgment would settle the controversy</u>**

The federal case is about insurance coverage while the state action is about liability for fraud, fraudulent suppression, breach of implied and express warranty, negligence, wantonness, breach of fiduciary duty, conspiracy, and breach of contract in connection with a real estate transaction *(i.e.*, "distinct legal issues, [such that] a judgment by this court would not settle any of

the underlying state-court claims[]"). Accident Ins., 2021 WL 1617258 at *3. As a judgment would not settle the controversy, this supports the case remaining in this Court.

3. **Whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue**

When "a judgment .... *would* help clarify the legal relations[,]" such "supports the conclusion that the court should not abstain from hearing this case." Accident Ins. 2021 WL 1617258 at *3 (emphasis in original). A judgment in this case would likely clarify, in part, the legal relations. While the ultimate issues in the state court litigation could not be determined in this declaratory judgment action, a declaration as to coverage (and/or applicability of any exclusions) would be insightful to the parties' positions in the underlying litigation.

4. **Procedural fencing (part of a race to *res judicata* or to allow a federal court to hear a case that otherwise wouldn't be removable**

"[T]he court ... lacks any evidence that this action is being used for procedural fencing. Because there is no overlap between the legal and factual issues in this case and those in the state-court cases, there is no risk of *res judicata*. ... [thus, the insurer] ... 'appears to have brought this action in the proper forum for a proper purpose to resolve issues not joined in the underlying action.'" Accident Ins. 2021 WL 1617258 at *3. Given *the lack* of evidence of procedural fencing in this case, this factor weighs against abstention/dismissal.

5. **Whether the use of a declaratory action would increase the friction between the federal and state courts or otherwise encroach on state proceedings**

This factor in this case "supports the conclusion that this court should retain jurisdiction over the declaratory-judgment action. The issues of insurance coverage and ... [the insurer's] ... duty to defend are not pending in any of the underlying state-court actions, so there is no reason to

believe that this case would cause any friction with the state courts or encroach on the state proceedings." Accident Ins. 2021 WL 1617258 at *4.

6. **Whether there is an alternative remedy that is better or more effective**

While "an alternative remedy [may] exist[] because ... [an insurer] could simply seek to intervene in the state-court cases and raise the question of its duty to defend there[]" ... defendants have provided no reason to believe that this remedy would be better or more effective. The state court could deny the motion to intervene, preventing ... [the insurer] from making use of this approach. And it would be more efficient for this court 'to make a timely declaration of the insurer's duty to defend obligations' now than either to wait for ... [the insurer] to intervene and raise the issue before the state court--or, worse, for the question to remain undecided for even longer while the company continues to provide a defense in the underlying case....." Accident Ins. 2021 WL 1617258 at *4 (internal citation omitted).

7. **Whether the underlying factual issues are important to an informed resolution of the matter**

"With respect to the seventh factor .... informed resolution of this case does not turn on any of the factual issues in the underlying cases because duty to defend is based solely on the language of the insurance policy and the factual allegations in the state-court complaints. The defendants have not raised any other overlapping issues of fact that would arise between this case and the underlying cases, so ... [this factor] ... weigh[s] against abstention." Accident Ins. 2021 WL 1617258 at *4.

8. **Whether the state court is better suited than the federal court to evaluate the facts**

"With respect to the.... eighth factor .... informed resolution of this case does not turn on any of the factual issues in the underlying case[] because duty to defend is based solely on the language of the insurance policy and the factual allegations in the state-court complaints. The defendants have not raised any other overlapping issues of fact that would arise ...  so ... [this factor] ... weigh[s] against abstention." Accident Ins. 2021 WL 1617258 at *4.

9. **Whether there is a close nexus between the underlying issues and state law or public policy, or whether federal common or statutory law requires resolution of the declaratory-judgment action**

As set forth in Accident Ins., 2021 WL 1617258 at *4:

"[I]t is true that the question about the scope of insurance coverage in this case must be decided in accordance with Alabama law. However, because the issue is not currently pending in the underlying state-court cases, or in any other state-court litigation, this factor does not favor abstention.

In any event, dismissing this case or staying it pending the outcome of the underlying action would be unproductive and would waste judicial resources because the question of ... [the insurer's] duty to defend "would remain undecided ... after the underlying action was completed." Emp'rs Mut., 101 F. Supp. 3d at 1191. In fact, the issue would "almost certainly be rendered moot" by a stay, "needlessly frustrating" ... [the insurer's] efforts to obtain a resolution. Id. "Far from being wasteful or inefficient, allowing this declaratory judgment action to proceed would provide substantial benefits to all parties by affording them certainty as to the currently murky status" of Accident Insurance's duties towards the Mathews defendants, providing good reason for this court to hear this case. State Farm Fire & Cas., 2010 WL 551262, at *4.

### III.     Conclusion

In sum, this Court finds that the <u>Ameritas</u> factors weigh in favor of retaining jurisdiction over this declaratory-judgment action, and against abstention. And the defendants have failed to provide sufficient reasons to support a finding that dismissing or staying this case would promote the objectives of federalism, efficiency, and comity.  Thus, the Court will exercise its discretion to retain jurisdiction over this federal declaratory judgment action.  As such, it is **ORDERED** that the defendants' motions to dismiss/stay (Docs. 13, 14, 15) are **DENIED;** and Auto-Owners' motion to dismiss the bad faith counterclaim of Cymbal and SVN (Doc. 17) is **GRANTED** and said counterclaim is **DISMISSED.**

**DONE** and **ORDERED** this the **22nd** day of **September 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**